**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | |
|---|---|
| Kimberly F., ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | Case No. 3:21-cv-50262 |
| v. ) | |
| ) | Magistrate Judge Lisa A. Jensen |
| Kilolo Kijakazi, ) | |
| Acting Commissioner of Social Security,[1] ) | |
| ) | |
| *Defendant.* ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Kimberly F. brings this action under 42 U.S.C. § 405(g) seeking reversal or a remand of the decision denying her disability insurance benefits and supplemental security income.[2] For the reasons set forth below, the Commissioner's decision is reversed, and this case is remanded.

### I. Background

In 2019, Plaintiff filed applications for disability insurance benefits and supplemental security income alleging a disability beginning on March 28, 2019, the date she sustained multiple gunshot wounds to both of her legs. R. 13. Plaintiff, who was 33 years old on her alleged onset date, suffered fractures in both legs and has had multiple surgeries and participated in physical and occupational therapies to regain the use of her legs. R. 18. Despite treatment, Plaintiff continues to complain of disabling pain, swelling, and numbness in her legs.

Following a hearing where Plaintiff and a vocational expert (VE) testified, an administrative law judge (ALJ) issued a decision in January 2021, finding that Plaintiff was not disabled. R. 13-24. The ALJ found that Plaintiff had the following severe impairments: bilateral lower extremity fractures and residuals of gunshot wounds to the bilateral lower extremities. The ALJ determined that Plaintiff's impairments did not meet or medically equal a listed impairment. The ALJ concluded that Plaintiff had the residual functional capacity (RFC) to perform sedentary work with certain restrictions. The ALJ determined that Plaintiff had no past relevant work, but there were other jobs that existed in significant numbers in the national economy that she could perform, including document preparer and telephone information clerk.

---

[1] Kilolo Kijakazi has been substituted for Andrew Marshall Saul. Fed. R. Civ. P. 25(d).
[2] The parties have consented to the jurisdiction of a United States Magistrate Judge for all proceedings pursuant to 28 U.S.C. § 636(c). Dkt. 4.

After the Appeals Council denied Plaintiff's request for review on April 28, 2021, R. 1, Plaintiff filed the instant action. Dkt. 1.

## II. Standard of Review

A reviewing court may enter judgment "affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). If supported by substantial evidence, the Commissioner's factual findings are conclusive. *Id.* Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consol. Edison Co. of N.Y. v. NLRB*, 305 U.S. 197, 229 (1938)). "An ALJ need not specifically address every piece of evidence, but must provide a 'logical bridge' between the evidence and his conclusions." *Butler v. Kijakazi*, 4 F.4th 498, 501 (7th Cir. 2021) (quoting *Varga v. Colvin*, 794 F.3d 809, 813 (7th Cir. 2015)). The reviewing court may not "reweigh the evidence, resolve debatable evidentiary conflicts, determine credibility, or substitute [its] judgment for the ALJ's determination so long as substantial evidence supports it." *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021).

## III. Discussion

Plaintiff makes three arguments challenging the ALJ's decision at steps four and five. Plaintiff argues that the ALJ erred in: (1) assuming that Plaintiff could remain on task while walking away from her workstation to alternate positions; (2) interpreting new medical evidence when determining the RFC; and (3) determining that a significant number of jobs exist in the national economy that Plaintiff could perform. The Court agrees that the ALJ's step five determination that jobs were available to Plaintiff despite her need to alternate positions while remaining on task is not supported by substantial evidence and requires a remand.

Plaintiff argues that the ALJ improperly assumed that she could remain on task while alternating between sitting and standing/walking every hour despite contrary VE testimony. The Commissioner argues that substantial evidence, including the VE's testimony, supports the ALJ's findings at step 5.

"As a general rule, both the hypothetical posed to the VE and the ALJ's RFC assessment must incorporate all of the claimant's limitations supported by the medical record." *Yurt v. Colvin*, 758 F.3d 850, 857 (7th Cir. 2014) (citing *O'Connor–Spinner v. Astrue*, 627 F.3d 614, 619 (7th Cir. 2010) ("Our cases, taken together, suggest that the most effective way to ensure that the VE is apprised fully of the claimant's limitations is to include all of them directly in the hypothetical."); *Indoranto v. Barnhart*, 374 F.3d 470, 473-74 (7th Cir. 2004) ("If the ALJ relies on testimony from a vocational expert, the hypothetical question he poses to the VE must incorporate all of the claimant's limitations supported by medical evidence in the record.")). "[W]hether a sit / stand option will affect the time a person is off task is a matter for the vocational expert to assess." *Green v. Saul*, 19-CV-528, 2020 WL 1150447, at \*5 (E.D. Wis. Mar. 10, 2020) (citing *Pollari v. Berryhill*, 18-C-178, 2019 WL 293238, at \*3 (E.D. Wis. Jan. 23, 2019)).

2

Here, the ALJ determined that Plaintiff's fractures and residuals of gunshot wounds to her legs were severe impairments that resulted in her need to alternate positions while sitting to relieve her discomfort. R.15, 21. Plaintiff testified that she could sit for 1.5 to 2 hours before she needed to "to get up and move" for approximately 10 to 15 minutes. R. 46. However, the extent of the ALJ's RFC limitation for alternating positions is unclear. The ALJ's ultimate RFC determination states that Plaintiff:

> has no limitations in her total ability to sit throughout an 8-hour workday. The claimant can stand and/or walk off and on for a total of two out of eight hours. The claimant needs to alternate her position while sitting, such that she *stands and walks* for no more than five minutes out of every hour. While doing so, she would not need to be off task.

R. 16 (emphasis added). Here, the ALJ determined that Plaintiff needed to both stand *and* walk when alternating positions. Yet, in the ALJ's RFC analysis, the ALJ conflictingly referred to Plaintiff's need to "stand *and* walk" and "stand *or* walk" every hour:

> I have limited the claimant to standing and/or walking for two hours in an 8-hour workday with the ability to alternate positions in order to stand *and* walk for no more than 5 minutes out of every hour to relieve discomfort, which is consistent with her testimony.
>
> …
>
> However, in recognizing the claimant's complaints that she must change positions due to discomfort the residual functional capacity allows her to alternate her position while sitting, such that she can stand *or* walk for no more than 5 minutes out of every hour.

R. 21 (emphasis added).

The ALJ's hypothetical to the VE provided no further clarification. At the hearing, the ALJ posed a hypothetical to the VE that included sedentary work with certain restrictions but did not include the need to alternate positions. The VE testified that the individual could perform work as a document preparer (DOT 249.587-018). R. 48. Then Plaintiff's counsel asked the VE if the individual could be accommodated if they needed to alternate between standing and sitting every hour for 10 to 15 minutes. The VE responded "I think for the sedentary work alternating sitting and standing should not present a problem. She should be able to continue. As long as she's focused on her work, she should be able to continue to do this." R. 49.

In reaction, the ALJ posed another hypothetical to the VE that include the need to alternate positions. The ALJ stated that:

> the individual must stand *or* walk for a total of no more than five minutes out of every hour. I don't anticipate that the individual would need to abandon their workstation or be off-task while doing so. So I'm looking for jobs that either allow

3

flexibility at the workstation or that have alternate posture tasks. For example, maybe the individual is seated, but they're making phone calls with a headset and they can stand briefly, totaling five minutes out of an hour to make phone calls. Or perhaps they could walk across the office to make copies for five minutes out of every hour. Would that impair the ability to perform the jobs you identified?

R. 50 (emphasis added). The VE responded:

I don't think it would, not for a document preparer. I think they could *stand briefly* every – or for five minute every hour and still do their work. I could also add another job such as an information clerk where again they usually do have headsets and it shouldn't be a factor.

R. 50. Plaintiff's counsel then asked the VE: "given this client' testimony earlier, in fact if that person were walking around or stretching basically for 10 to 15 minutes, would that have any impact on the job market?" R. 52. The VE responded: "If they're leaving the job station for 10 to 15 minutes every hour, I'm assuming, they'd be off-task too much. They would not be employable [.]" *Id.*

The ALJ ultimately relied on the VEs' testimony to conclude that there were jobs that existed in significant numbers in the national economy that Plaintiff could perform. The ALJ explained his findings as follows:

I find that the claimant needs to alternate her position between sitting, standing, and walking for no more than five minutes out of every hour. While doing so, she would not need to be off task. The record establishes that the claimant would benefit from work, which does not require that she remain in any static position for more than an hour. This reflects the relatively limited medical findings of the record, as well as the claimant's presentation at the hearing. In order that she not be off task while alternating position, she requires jobs that either allow the option of sitting or standing while at the workstation, or which include alternative posture tasks, such as a job that is predominantly performed while seated, but every hour the employee could walk across the office to make copies.

Based on the testimony of the vocational expert, I conclude that, considering the claimant's age, education, work experience, and residual functional capacity, the claimant is capable of making a successful adjustment to other work that exists in significant numbers in the national economy. A finding of "not disabled" is therefore appropriate under the framework of the above-cited rule.

R. 23.

As Plaintiff points out, it remains unclear how the ALJ utilized the VE's testimony, or any other record evidence, to determine that Plaintiff could remain on task while alternating positions, particularly where Plaintiff is able to walk away from her workstation for five minutes every hour. *See Pollari*, 2019 WL 293238, at *3 (remanding where it was "unclear why the ALJ inserted his

belief regarding the effect of the sit/stand option on productivity, rather than letting the VE assess its impact"). The VE's testimony appeared to only address an individual that could "stand briefly," and not one that would need to walk for five minutes every hour to relieve discomfort. R. 50. This is not surprising, given that the ALJ's hypothetical required only that the individual "stand *or* walk for a total of no more than five minutes out of every hour," *id.* (emphasis added), as opposed to stand *and* walk as identified in the RFC. The ALJ sought no further clarification from the VE and did not otherwise explain this contradiction.

The Commissioner also does not address this contradiction. Instead, the Commissioner argues that because the ALJ specifically asked the VE about jobs that allowed for flexible workstations or alternate posture tasks, the ALJ's hypothetical allowed him to ascertain whether Plaintiff could perform work in the national economy "within the limitations noted." Def.'s Resp. at 10, Dkt. 17. However, despite the ALJ's hypothetical, the VE's testimony did not directly address the need to walk away from a workstation for five minutes when alternating positions.

Nevertheless, the Commissioner argues any error was harmless because even if Plaintiff were off task while walking away from her workstation for five minutes each hour, Plaintiff would still be within the acceptable tolerances for off-task time in the workplace. The VE testified that there would be no work for an individual that was off task 15% of the time or eight minutes every hour. R. 51. Thus, the Commissioner argues that Plaintiff could still perform the jobs identified by the VE because Plaintiff was limited to alternating positions for a maximum of five minutes every hour. However, the VE's only testimony addressing the need to walk while alternating positions was that there would be no work for an individual leaving their workstation for 10 to 15 minutes every hour because they would be off task too much. R. 52. The VE did not opine on an individual's ability to remain on task while walking away from the workstation for only five minutes instead of 10 to 15 minutes. The VE also testified that the only unscheduled breaks, other than the 2 coffee breaks and 1 lunch break typically allowed, would be for a bathroom break five minutes before and after lunch with supervisor permission. Accordingly, without additional explanation from the VE, this Court cannot determine whether being off task five minutes each hour while walking away from the workstation would be acceptable. Accordingly, this Court cannot say that any error was harmless.

Although the ALJ's hypothetical to the VE was an attempt to determine if Plaintiff would be off task while alternating positions, the VE's testimony fell short. It was imperative for the ALJ to follow up with the VE to ensure that the jobs identified by the VE could still be performed even while alternating positions, including walking away from the workstation. *See Sanders v. Saul*, 2:19-CV-501-TLS-JPK, 2021 WL 3116283, at *5 (N.D. Ind. June 29, 2021) (remanding where "neither the ALJ nor the Appeals Council addressed Plaintiff's testimony that he would need to walk during the stand portion of the [sit-stand] option, rather than stand in a stationary spot, or the VE's testimony that walking away from the workspace during the stand portion of the option could require a worker to be off-task, and therefore be work preclusive") *report and recommendation adopted*, 2:19-CV-501-TLS-JPK, 2021 WL 3115726 (N.D. Ind. July 22, 2021). VE testimony is especially important where the RFC required Plaintiff to remain on task while alternating positions. *See Gerrettie v. Barnhart*, 02-C-408-C, 2003 WL 23109391, at *9 (W.D. Wis. Feb. 13, 2003), *report and recommendation adopted*, 02-C-408-C, 2003 WL 23274533 (W.D. Wis. Feb. 28, 2003) ("A requirement that a claimant have a sit/stand option is a nonexertional impairment

that may decrease significantly the number of jobs the individual can perform, particularly when the individual is limited to unskilled work.") (citing SSR 83-12, 1983 WL 31253, at *4); *see also* SSR 83-12, 1983 WL 31253, at *4 ("[M]ost jobs have ongoing work processes which demand that a worker be in a certain place or posture for at least a certain length of time to accomplish a certain task. Unskilled types of jobs are particularly structured so that a person cannot ordinarily sit or stand at will. In cases of unusual limitation of ability to sit or stand, a VS should be consulted to clarify the implications for the occupational base.").

The ALJ relied on the VE's testimony to determine that jobs as a document preparer and telephone information clerk were available to Plaintiff but offered no explanation as to why those jobs accommodate Plaintiff's need to alternate positions, namely walking away from the workstation, while remaining on task. Without further explanation, the VE's testimony alone does not constitute substantial evidence to support the ALJ's determination that Plaintiff can perform a significant number of jobs in the national economy with the limitations identified in the RFC. Accordingly, a remand is required to resolve this issue.

In remanding this case, the Court is not indicating that there is no work in significant numbers that Plaintiff can perform even if required to remain on task while walking away from her workstation for five minutes every hour. Rather, on remand the ALJ must clearly identify his RFC determination relating to Plaintiff's need to alternate positions, specifically Plaintiff's need to stand and walk while alternating positions. The ALJ should also explain and support his decision as to duration[3] and Plaintiff's ability to stay on task while alternating positions. In considering these issues more thoroughly, the ALJ shall explicitly address Plaintiff's need to stand and/or walk while alternating positions in both the RFC and in the hypothetical to the VE to determine if there are jobs that exist in significant numbers that Plaintiff can perform.

In light of this Court's remand, it need not address Plaintiff's remaining arguments. However, Plaintiff's counsel should raise all issues argued on appeal with the ALJ on remand, both in a pre-hearing brief and at the administrative hearing. Failure to explicitly raise these issues may result in a waiver if this case is again appealed to this Court.

### IV. Conclusion

For the foregoing reasons, Plaintiff's motion for summary judgment is granted, and the Commissioner's motion is denied. The decision of the Commissioner is reversed, and the case is remanded for further proceeding consistent with this opinion. This Court declines to order a finding

---

[3] Although the ALJ found that allowing Plaintiff to alternate positions to stand and walk for no more than 5 minutes every hour was "consistent with her testimony," Plaintiff testified that she needed to move for 10 to 15 minutes to relieve her discomfort. R. 21. The ALJ offers no explanation to support the shortened duration or whether standing or walking for such a short time would relieve Plaintiff's discomfort. The Commissioner points out that the ALJ's "RFC findings were more favorable to plaintiff than the only medical opinions in the record – those of the state agency medical consultants, who did not even find plaintiff needed to alternate position or limit her use of foot controls." Def.'s Resp. at 8, Dkt. 17. However, as the ALJ stated in his decision, the need for alternating positions was based on Plaintiff's testimony at the hearing, which the state agency physicians did not have at the time of their opinions. *See* R. 21.

of disability based on the record before it. It is more appropriate to remand to the ALJ to properly evaluate the evidence as outlined above and issue a new decision.

Date: September 6, 2022                    By:

Lisa A. Jensen
United States Magistrate Judge